UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| STANLEY JACKSON | CIVIL ACTION NO. 3:19-cv-00388 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| FAMILY DOLLAR STORES OF LOUISIANA, INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending here are Defendant Family Dollar Stores of Louisiana, Inc.'s, ("Family Dollar") Motions in Limine [Doc. Nos. 47, 48, 49, and 50]. Plaintiff Stanley Jackson ("Jackson") has filed Oppositions [Doc. Nos. 59, 60, 61, and 62].

**I.     INTRODUCTION**

This case involves an alleged slip and fall at a Family Dollar Store located in Farmerville, Louisiana, on April 17, 2017. The lawsuit was originally filed in the Third Judicial District Court, State of Louisiana, on March 29, 2018. This matter was removed by the Defendants to this Court on the basis of diversity jurisdiction on March 28, 2019. [Doc. No. 1]. Family Dollar has filed four Motions in Limine which all are addressed in this ruling.

**II.    MOTION IN LIMINE TO EXCLUDE JACKSON'S MEDICAL EXPENSES**

In its first Motion in Limine [Doc. No. 48], Family Dollar moves to exclude any evidence or testimony regarding Jackson's medical expenses, and, alternatively, to limit the amount of medical expenses to those paid by Medicaid.

Family Dollar first seeks to exclude all of Jackson's medical expenses as Jackson did not list the medical expenses claimed through discovery. Family Dollar admits that Jackson provided some of his medical expenses, but did not include any medical expenses related to the

surgery on his shoulder. In other words, Family Dollar argues that Jackson should not be permitted to introduce any evidence of medical expenses at trial because he did not provide the required computation of damages in his initial disclosures, or in discovery, and, alternatively, he should only be allowed to introduce medical expenses he did list in response to Family Dollar's Interrogatory No. 12.

Also, alternatively, Family Dollar maintains that in light of the Louisiana Supreme Court decision, *Bozeman v. State*, 879 So.2d 692 (La. 2004), that Jackson can only recover the amount paid by Medicaid, and not the amount billed.

In his response, Jackson maintains he provided Defendants with a HIPAA form and that Family Dollar has the medical records and is not prejudiced.

The Court finds that this motion should be GRANTED IN PART and DENIED IN PART. In a previous ruling [Doc. No. 40], this Court, despite Jackson's failing to list Dr. Steven Unkel, ruled that Dr. Unkel would be allowed to testify as Jackson's treating physician and allowed Family Dollar to depose Dr. Unkel after discovery had been completed.

Therefore, there is no prejudice with regard to the medical expenses of Dr. Unkel and the specific medical expenses listed in Jackson's response to Interrogatory No. 12, which include Family Green Chiropractic - $2,735.00; Union General Hospital - $2,711.26; and Dr. Steven Unkel - $105.00.

However, all other medical bills will not be allowed as Jackson failed to list any other medical expenses.

A second part of this motion filed by Family Dollar is that Jackson should only be allowed to present evidence of the amount paid by Medicaid, rather than the full amount of the

2

bill. Jackson does not argue against this portion of the motion. Family Dollar is correct that in *Bozeman v. State*, 879 So. 2d 692 (La. 2004), the Louisiana Supreme Court held that a plaintiff can only recover the amount paid by Medicaid, and not the amount billed. Therefore, Jackson will only be allowed to introduce evidence of the medical expenses listed in response to Interrogatory No. 12 and Dr. Unkel's expenses as to the amount paid by Medicaid. No other medical expenses will be allowed at trial.

### III. MOTION IN LIMINE TO EXCLUDE EVIDENCE OF JACKSON'S LOSS OF WAGES

Family Dollar next moves to exclude evidence, testimony, or argument regarding Jackson's alleged lost wages as a result of this incident [Doc. No. 47]. Family Dollar maintains that Jackson never pled a claim for lost wages, specifically answering in discovery that he did not intend to seek lost wages and never itemized any lost wage claims. Jackson's answers to Interrogatory Nos. 9 and 12, along with his answer to Request for Production No. 16, verify that Jackson was not making a lost wage claim.

In his response, Jackson does not deny that he has failed to document a lost wage claim. Jackson maintains that he had no employer at the time of the accident but mentions that he would engage in odd tasks in which he would receive a donation for his help and that he is unable to do this at this time. In other words, Jackson maintains he did not have an employer, but is now prohibited from receiving donations for helping others as a result of his accident.

This Court will not allow Jackson to amend his pleadings after the deadline expired on November 27, 2019, to seek loss of any sort of income. Therefore, Family Dollar's Motion in Limine is GRANTED, and Jackson is prohibited from putting forth any evidence, testimony, and argument regarding any loss of income that Jackson allegedly suffered as a result of this incident.

3

### IV. MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF DR. STEVEN UNKEL

In this Motion in Limine [Doc. No. 49], Family Dollar seeks to exclude the testimony of Dr. Steven Unkel. Previously, in Family Dollar's Motion for Summary Judgment [Doc. No. 40], this Court allowed Dr. Unkel to testify as a witness in the case and allowed Family Dollar to take Dr. Unkel's deposition after discovery was completed, which was done on July 21, 2020.

In this motion, Family Dollar moves the court to prohibit Dr. Unkel from testifying as other than a lay witness since he was never disclosed as an expert, to limit Dr. Unkel to providing testimony as a Rule 26(A)(2)(C) expert, and/or to exclude Dr. Unkel from testifying regarding Jackson's orthopedic issues.

In its first argument, Family Dollar submits that because Dr. Unkel was never identified as an expert prior to trial, he should not be permitted to testify as an expert witness; rather, his testimony should be limited to lay witness testimony. Jackson responds that this Court's previous ruling allowed Dr. Unkel to testify and this would be contradictory to the previous ruling. As this Court allowed Family Dollar to take Dr. Unkel's deposition after discovery, and is not prejudiced, to this extent, the Motion in Limine is DENIED.

In its second portion of this Motion in Limine, Family Dollar argues that Dr. Unkel should be limited to providing testimony as a Rule 26(A)(2)(C) expert. Jackson really does not argue this point, but simply refers to the previous Court ruling. This Court agrees with Family Dollar that Dr. Steven Unkel should only be able to testify as a Rule 26(A)(2)(C) expert. Therefore, Dr. Unkel will be limited to testifying as a treating physician expert in accordance

4

with Rule 26(A)(2)(C).

In the third and final portion of this Motion in Limine, Family Dollar argues that Dr. Unkel should be precluded from testifying regarding Jackson's orthopedic issues. Jackson alleges that he sustained a torn rotator cuff in his shoulder requiring surgery. Family Dollar maintains that Dr. Unkel is Jackson's primary care provider, is not an orthopedist, has never provided orthopedic care to any patient, including Jackson, and did not order or perform Jackson's surgery.

In response, Jackson concedes that Dr. Unkel cannot testify about the nature of the surgery, or the need for surgery, but can testify that he sent Jackson for an MRI, reviewed the MRI, and found that Jackson had a rotator cuff injury, that in his opinion, required surgery, and referred Jackson to an orthopedic surgeon.

In determining whether to allow expert testimony, a court must first decide whether the witness is qualified as an expert by knowledge, skill, experience, training, or education. *Moore v. Ashland Chemical, Inc.*, 126 F.3d 679 (5th Cir. 1997). A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a particular subject. *Wilson v. Woods*, 163 F.3d 935 (5th Cir. 1999).

This Court, as a gate keeper, must determine under FEDERAL RULES OF EVIDENCE 702 whether expert opinion on scientific, technical or specialized knowledge can be admitted. *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993).

In his deposition, Dr. Unkel stated he has no orthopedic qualifications and is not board-certified in orthopedics. He stated that he has never performed orthopedic surgery and in fact does not perform surgery at all. Dr. Unkel stated that he was not qualified to determine whether

a person needed orthopedic surgery as he was not a surgeon. Dr. Unkel, as treating physician, will be allowed to explain his treatment of Jackson, his review of the MRI, his referral to an orthopedic surgeon, and his treatment afterward. However, he will be prohibited from giving an opinion as to whether Jackson needed rotator cuff surgery. Family Dollar's Motion in Limine is GRANTED as to this alternative issue.

**V.    MOTION IN LIMINE FOR ADVERSE INFERENCE AS A RESULT OF SPOLIATION OF EVIDENCE**

In its fourth Motion in Limine, Family Dollar moves the Court for an adverse inference as a result of spoliation of evidence. After Jackson received a surgical recommendation for his rotator cuff, Family Dollar sought for Jackson to be evaluated by Dr. Douglas Brown pursuant to an independent medical examination ("IME"). Family Dollar alleges it tried on multiple occasions to have Jackson evaluated, but each time Jackson refused and/or failed to appear and instead, underwent surgery to repair his torn rotator cuff without submitting to an IME. Family Dollar argues this prevented it from having the opportunity to examine him prior to surgery, causing the spoliation of all medical evidence that would have allowed Family Dollar to defend against Jackson's medical claims.

In his Opposition, Jackson does not deny that he failed to appear for the IME and instead had surgery, but simply argues that Family Dollar should have filed a motion to compel and the failure of Family Dollar to do so prohibits Family Dollar from being able to gain an adverse inference as a result of spoliation in this case.

This Court disagrees with Jackson. Family Dollar set forth the timeline of the pertinent events regarding this issue:

- The Petition was filed in state court on March 29, 2018. An answer was filed by Family Dollar on May 21, 2018, and an answer was filed by Sedgwick Claims Management Services, Inc. on June 1, 2018.

- On or about April 27, 2018, counsel had a telephone conference wherein counsel for Jackson indicated that his client may have a surgical recommendation. A letter was sent on April 27, 2018, by Family Dollar's counsel, specifically asking that Defendants be informed if surgery was scheduled so that they could obtain an IME prior to the surgery taking place.

- Jackson submitted discovery responses on July 5, 2018, indicating that he was in the process of scheduling surgery.

- Defendants immediately worked to find a doctor in Jackson's area to perform an IME following receipt of the discovery responses, and an appointment was scheduled for September 10, 2018, with Dr. Douglas Brown. Family Dollar's counsel sent correspondence on August 6, 2018, to opposing counsel, informing him that the appointment had been scheduled, and requesting that counsel be informed as soon as possible if Jackson was not available on that date so that it could be rescheduled.

- No response was received after the August 6, 2018 letter. Thus, Family Dollar's counsel sent follow-up correspondence on August 28, 2018, asking if Jackson would be appearing for the appointment on September 10.

- Following Family Dollar's counsel's email, Jackson's counsel's assistant called Family Dollar's counsel and, for the first time, informed Defendants that Jackson was scheduled for surgery two days later, on August 30, 2018, and that he would not be appearing for the appointment. The parties exchanged letters on August 28, 2018, and August 29, 2018, regarding whether Jackson would appear for the IME. Defendants informed Jackson's counsel that they would assert an affirmative defense of spoliation if Jackson did not appear for the IME on September 10, 2018.

- On September 4, 2018, Jackson's counsel sent correspondence to Family Dollar's counsel indicating that Jackson would be having surgery on September 5, 2018. Family Dollar's counsel responded to such by indicating that it was their position that Jackson must appear for the IME on September 10, 2018, before undergoing surgery, and that Defendants would assert a spoliation of evidence defense if he did not appear.

- On September 6, 2018, Family Dollar's counsel sent another email to Jackson's counsel to determine whether he would appear for the IME on September 10, 2018, so that Defendants could know whether to cancel the appointment and obtain a refund. Counsel for Jackson responded that he would not appear for the appointment, and it was cancelled.

- About a month later on October 3, 2018, Jackson's counsel wrote to Family Dollar's counsel and indicated that Jackson had not had surgery, which was tentatively set for the end of the month. **Counsel indicated that Defendants could schedule an IME appointment before the end of the month**.

- Family Dollar's counsel immediately contacted Dr. Brown's office and reserved his first available appointment –October 26, 2018 –for Jackson to be evaluated. Counsel for Jackson was informed of this date on October 4, 2018.

- **Jackson's counsel indicated that he would confirm with Jackson that he would appear for the appointment scheduled for October 26, 2018.** However, no response was ever received. Family Dollar's counsel wrote to Jackson's counsel on October 11, October 16, and October 23, 2018, asking whether Jackson would appear for the appointment, and indicating that spoliation of evidence would be asserted if Jackson did not appear.

- Counsel for Jackson responded later on October 23, 2018, stating that there was a conflict with the IME date, and that Jackson could not appear. Family Dollar's counsel sent an email on October 23, 2018, indicating, once again, that it was Defendants' position that Jackson must be evaluated for an IME prior to having surgery. Counsel had notice of the appointment several weeks in advance, and did not indicate that there was a conflict until three days before the appointment.

- After the October 26 appointment was cancelled, counsel for Family Dollar again asked for additional dates from Dr. Brown to reschedule the IME for a third time. Those dates were obtained and sent to Jackson on October 24, 2018. After a follow-up email on November 16, 2018, Jackson's counsel said he would contact Jackson to ask about scheduling the IME.

- Jackson's counsel never responded regarding rescheduling the IME. Thus, Family Dollar's counsel contacted him again on November 21, 2018, regarding whether Jackson would appear on December 7, 2018, Dr. Brown's next available date, for the evaluation. Jackson's counsel wrote back on November 21 and indicated that Jackson had undergone surgery on November 14, 2018.

None of this timeline is disputed by Jackson.

This timeline reflects that counsel for Family Dollar did everything possible to have Jackson seen by Dr. Brown prior to his surgery. Counsel for Jackson never stated he required Family Dollar to file a motion to compel the IME. Instead, Jackson had surgery to his shoulder on November 14, 2018.

8

By having the surgery, without submitting to the IME, Jackson prevented Family Dollar from obtaining an independent medical examination as to whether Jackson needed surgery. After the surgery, it was too late. Jackson was well aware that Family Dollar wanted an independent medical examination of his shoulder before the surgery, but went ahead with the surgery, cancelling and/or not showing up for IME appointments prior to the surgery. Therefore, this Court believes that Jackson intentionally destroyed relevant evidence despite being well aware that Family Dollar wished to have his shoulder examined prior to surgery.

When a party intentionally destroys relevant evidence, the appropriate sanction depends on three factors: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing parties; and (3) whether there is a lesser sanction that would avoid substantial unfairness to the opposing party, and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. *Young v. Canadian Nat'l/Ill Central RR Co*, 2005 WL 8155474, at (M.D. La. Sept. 23, 2005). The court, in the *Young* case, determined it could "level the playing field" without having to entirely exclude evidence of Jackson's surgery. The *Young* Court allowed the adverse inference that the evidence (IME) would have been unfavorable to the party responsible to the destruction of evidence.

This Court finds that the same sanction is appropriate in this case. Therefore, this Court GRANTS Family Dollar's Motion in Limine [Doc. No. 50]. The jury shall be instructed at the trial that it may infer that Jackson's failure to submit to a pre-surgery IME proves that the IME would have been unfavorable to him.

## VI. CONCLUSION

For the reasons set forth in this Ruling, Family Dollar's Motion in Limine to Exclude Medical Expenses [Doc. No. 48] is GRANTED IN PART AND DENIED IN PART. Jackson's evidence on his medical expenses will be limited at trial to those identified in the response to Family Dollar's Interrogatory No. 12 and those of Dr. Unkel, and only up to the amount paid by Medicaid.

Family Dollar's Motion in Limine to Exclude Evidence or Testimony Regarding Jackson's Lost Wages [Doc. No. 47] is GRANTED, and Jackson will not be permitted to offer evidence on lost wages.

Family Dollar's Motion in Limine to Limit the Testimony of Dr. Steven Unkel at Trial [Doc. No. 49] is GRANTED IN PART AND DENIED IN PART; and, Dr. Unkel will not be permitted to testify as to his opinion whether Jackson needed rotator cuff surgery.

Family Dollar's Motion in Limine for Adverse Inference as a Result of Spoliation of Evidence [Doc. No. 50] is GRANTED, and the jury will be instructed on the adverse inference.

MONROE, LOUISIANA this 15th day of October, 2020.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE