UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **STANLEY JACKSON** | **CIVIL ACTION NO. 3:19-cv-00388** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **FAMILY DOLLAR STORES OF LOUISIANA, INC., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM RULING**

Pending here is Defendant Family Dollar Stores of Louisiana, Inc.'s ("Family Dollar") Motion in Limine [Doc. No. 69]. Plaintiff Stanley Jackson ("Jackson") has filed an Opposition [Doc. No. 72]. Family Dollar filed a Reply [Doc. No. 77].

For the following reasons, Family Dollar's Motion in Limine is GRANTED.

**I.    BACKGROUND**

This case involves an alleged slip and fall at a Family Dollar store located in Farmerville, Louisiana on April 17, 2017. This lawsuit was originally filed in the Third Judicial District Court, State of Louisiana, on March 29, 2018. This matter was removed by Family Dollar to this Court based on diversity jurisdiction on March 28, 2019.

This Court, in a Ruling [Doc. No. 63] dated October 15, 2020, addressed four Motions in Limine [Doc. Nos. 47, 48, 49 and 50] filed by Family Dollar. In said Ruling, this Court ruled that Jackson could only present at trial the medical expenses of Green Chiropractic, Union General Hospital and Dr. Steven Unkel in the amount paid by Medicaid. This Court also excluded any evidence from Jackson as to lost wages and prohibited any testimony from Dr. Steven Unkel as to whether Jackson needed rotator cuff surgery. Additionally, due to Jackson's

failure to allow Family Dollar to perform an independent medical examination ("IME") prior to Jackson's rotator cuff surgery, this Court granted a sanction against Jackson to instruct the jury that at trial, the jury may infer that the IME would have been unfavorable to Jackson.

After considering the effects of these rulings, Family Dollar filed the pending Motion in Limine [Doc. No. 69], asking the Court to exclude from trial any evidence, testimony or reference to any surgery performed on Jackson following the April 17, 2017 fall.

## II.  LAW AND ANALYSIS

In its Motion in Limine [Doc. No. 69], Family Dollar maintains any evidence, testimony, or reference to any surgery performed on Jackson after the April 17, 2017 fall should be excluded from trial.  Family Dollar argues since no expert testimony will be presented by Jackson to prove causation to the accident, the surgery is no longer relevant and should be excluded pursuant to Fed. Rule Evid. P 401.  Family Dollar alternatively argues that even if relevant, the surgery should be excluded under Fed. Rule Evid. 403 because there would be a substantial risk of unfair prejudice to Family Dollar because the jury could be misled into awarding damages to Jackson for a surgery he is unable to medically prove was caused by the April 17, 2017 fall.

In his Opposition [Doc. No. 72], Jackson argues that he is allowed to offer lay witness testimony regarding medical treatment received, and he therefore should be allowed to inform the jury he had surgery after the April 17, 2017 fall.

Although a plaintiff can testify to medical treatment received, testimony of the plaintiff regarding a surgery he cannot prove makes the testimony no longer relevant.  For the reasons previously set forth in the October 15, 2020 ruling [Doc. No. 63], the only medical witness Jackson can call is Dr. Steven Unkel, who is prohibited from giving his opinion as to the cause

and need for Jackson's surgery. Jackson is unable to prove that his rotator cuff surgery was caused by the April 17, 2017 fall.

This Court agrees with Family Dollar that testimony regarding a surgery that Jackson is unable to show was caused by the accident would not be relevant under Fed. Rule Evid. 401. This Court also agrees with Family Dollar that to allow testimony regarding Jackson's rotator cuff surgery would be a substantial risk of unfair prejudice to Family Dollar due to the jury potentially awarding damages to Jackson for a surgery he is unable to prove was caused by the April 17, 2017 fall. Due to unfair prejudice, the potential for confusing the issues and misleading the jury, the surgery should also be excluded under Fed. R. Evid. 403.

### III.   CONCLUSION

For the reasons set forth herein, Family Dollar's Motion in Limine [Doc. No. 69] is GRANTED, and Jackson is precluded from presenting evidence or testimony relating to his rotator cuff surgery performed after the April 17, 2017 fall.

MONROE, LOUISIANA this 17th day of February, 2021.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE